## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

_____

LAWRENCE ROEDEL,                                Cause No. CV-08-30-M-DWM-JCL

       Plaintiff,

    vs.                                              FINDINGS AND RECOMMENDATION OF
                                                 UNITED STATES MAGISTRATE JUDGE
TODD GARDNER, DAVAR M. GARDNER,                  TO DISMISS COMPLAINT
AND DONOVAN BERGESON,

      Defendants.

_____

Currently pending before the Court is Plaintiff's Complaint alleging a fraudulent transfer

of property. (Document 2).  On April 7, 2008, the Court issued an Order granting Plaintiff

permission to proceed in forma pauperis and requiring Plaintiff to show cause why his case

should not be dismissed as frivolous for lack of subject matter jurisdiction and as being barred by

the doctrine of res judicata.  (Document 4).  On May 16, 2008, Plaintiff filed an Amended

Complaint in response to the Court's Show Cause Order.  (Document 7).

The Court will now complete the process of prescreening Plaintiff's Complaint and

Amended Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

### ANALYSIS

In its Order of April 7, 2008, the Court raised two concerns.  First, the Court was

concerned that it may lack subject matter jurisdiction over Plaintiff's claims as Plaintiff had not

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT - CV-08-030-M-DWM-JCL / PAGE 1

plead a federal question or diversity of citizenship.  Secondly, it appeared that Plaintiff's claims were barred by the doctrine of res judicata.

### A.  Subject Matter Jurisdiction

As explained in the Court's prior Order, Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.  Plaintiff's Amended Complaint does not attempt to establish diversity of citizenship.  Rather, Plaintiff contends that the Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff is challenging his fundamental constitutional right to quiet enjoyment of his property. He contends that a federal court can intervene where there has been a deprivation of a federally guaranteed right.  Plaintiff still appears to be simply challenging the state court judgment regarding the incidents complained of in his Complaint.  Plaintiff also alleges that his case is brought under RICO, the Hobbs Act and the ACCA.[1]

---

[1]RICO refers to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961-1968. Under RICO's civil enforcement mechanism, "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee...." 18 U.S.C. § 1964(c). While there is a civil enforcement mechanism under RICO there is no such mechanism under the Hobbs Act, 18 U.S.C. § 1951(a) or the Armed Career Criminal Act, 18 U.S.C. § 924(e).  In evaluating whether a statute creates a private right of action, the Court's focus is on whether Congress intended to create such a right. *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 377-378 (1982).  Where a "statute by its terms grants no private rights to any identifiable class," *Touche Ross & Co. v. Redington*, 442 U.S. 560, 576 (1979), it is not proper for the Court to imply such a right.  The Hobbs Act and the Armed Career Criminal Act are such statutes containing no language suggesting they provide a civil cause of action.  *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 408-409 (8th Cir. 1999) (the legislative history of the Hobbs Act does not indicate that Congress intended to create a private cause of action).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-08-030-M-DWM-JCL / PAGE 2

Had Plaintiff correctly plead a claim under RICO, this could conceivably establish federal subject matter.  However, the Court need not evaluate Plaintiff's RICO claim further as this matter should be dismissed based upon the doctrine of res judicata.

**B.  Res Judicata**

As set forth in the Court's prior Order, "[r]es judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'"  *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005)(quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).  Res judicata bars not only the claims brought in the prior suit but those claims that could have been brought.  *See Troutt v. Colorado W. Ins. Co.*, 246 F.3d 1150, 1156 (9th Cir. 2001) (applying Montana's res judicata doctrine to determine preclusive effect of Montana state court judgment on subsequent federal action); *Fisher v. State Farm Gen. Ins. Co.*, 297 Mont. 201, 991 P.2d 452, 456 (1999) (applying res judicata doctrine to claims that could have been brought, as well as claims actually brought); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (concluding that res judicata doctrine barred Title VII claims that could have been included in state court complaint).

In its prior Order, the Court required Plaintiff to show cause why the Montana state case of *Thompson v. Roedel*, 340 Mont. 380, 175 P.3d 305 (Mont. 2007) did not bar Plaintiff's current action under the doctrine of res judicata.  Plaintiff states in his Amended Complaint that the actions are entirely different because here he is including the interests of his five children and

therefore the parties are not the same.  In addition, Plaintiff is questioning the rationale and discretion of the state court.

Although, Plaintiff attempts to name the interests of his five children, as a pro se litigant, he cannot represent anyone but himself.  *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  This includes his five children.  *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").  Accordingly, Mr. Roedel is the sole plaintiff in this action and the parties in this action were all parties to the state court action previously litigated.

Secondly, any RICO claims (the only possible basis of federal jurisdiction in this action) if not brought in the previous state court matter, could have been brought as they all arise out of the same transaction and occurrence.  As set forth in the Court's prior Order, the Montana Supreme Court described the state court action as follows:

> This case stems from an allegedly fraudulent real estate transaction between Todd Gardner and Chase Calder.  Calder had been granted a durable power of attorney from Roedel.  Roedel's third-party complaint alleged that the sale of the real property from Roedel (through Calder under the power of attorney) to Third Party Defendant Todd Gardner (which took place while Roedel was incarcerated for the murder of Dawn Thompson) was fraudulent because Calder acted without Roedel's knowledge or consent and that Gardner knew or should have known that the transfer was fraudulent.

*Thompson v. Roedel*, 340 Mont. 380, 175 P.3d 305, 2007 MT 317N, ¶3 (Mont. 2007).  Any claims arising out of that allegedly fraudulent transfer (including any federal RICO claims) should have been brought in that prior action.  Thus, Plaintiff's claims are barred by the doctrine of res judicata.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-08-030-M-DWM-JCL / PAGE 4

**C. Rooker Feldman.**

To the extent that Plaintiff is questioning the rationale and discretion of the state court, his claims are barred by the *Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, ___ F.3d ___, 2008 WL 1970349 (9th Cir. May 8, 2008)(citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). The Ninth Circuit in *Reusser* described two circumstances when dismissal under *Rooker-Feldman* is appropriate:  (1) "when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs*, 474 F.3d at 613. (internal quotation marks omitted); and (2) where a federal plaintiff seeks the federal court to conduct "a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).  "A federal action constitutes such a de facto appeal where 'claims raised in the federal court action are' inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser, supra, (quoting Bianchi*, 334 F.3d at 898).  "By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court." *Feldman*, 460 U.S. at 483 n. 16.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT - CV-08-030-M-DWM-JCL / PAGE 5

Thus, even if Plaintiff is raising federal issues which were not brought in the state court action, this Court cannot review the decision of the Montana state courts.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim. For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Accordingly, the Court enters the following:

### RECOMMENDATION

1. Plaintiff's Complaint (Document 2) should be **DISMISSED.**

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Thereafter, a district judge will make a de novo determination of

those portions of the Findings and Recommendations to which objection is made.  The district

judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED**

**OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A**

**RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 20th day of May, 2008.


/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT - CV-08-030-M-DWM-JCL / PAGE 7